STATE OF NORTH CAROLINA
v.
FREDERICK CASON PRATT
No. COA07-155
Court of Appeals of North Carolina.
Filed August 21, 2007
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Alexandra M. Hightower, for the State.
Nancy R. Gaines, for defendant-appellant.
JACKSON, Judge.
Defendant Frederick Cason Pratt ("Pratt") appeals from judgments entered after a jury found him guilty of first degree kidnapping, robbery with a dangerous weapon, two counts of attempted robbery with a dangerous weapon, and he pled guilty to possession of a firearm by a felon.
Prior to trial, the State moved to join the trials of Pratt and Dwight Forney ("Forney") alleging that each defendant "is individually guilty of each offense charged based on the theories of acting in concert or aiding and abetting." Forney objected to the State's motion for joinder and moved to sever the defendants' trials. When asked for Pratt's position on the State's motion for joinder, the following colloquy occurred:
PRATT'S COUNSEL: I just want to be sure I'm on the record, Your Honor, as stating that my client and I have discussed this at length.
THE COURT: Discussed what?
PRATT'S COUNSEL: Whether to oppose this motion to join the two defendants. And we don't see for us any particular advantage or disadvantage one way or the other in any of the possible combinations and don't take a position on the motion.
The trial court then allowed the State's motion for joinder.
At trial, the State's evidence tended to show that in the early morning hours of 22 July 2005, Pratt, armed with a gun, walked up to the driver's side of a vehicle near the Club Atlantis, while Forney stood by the passenger side door. Pratt and Forney ordered the driver and two passengers out of the vehicle and to empty their pockets. Pratt and Forney took the driver's debit card. When Pratt hit one of the passengers in the head with the gun, the other passenger fled. The driver was then ordered back into the vehicle and told to drive to a teller machine. Pratt sat in the front passenger seat and Forney sat in the back passenger seat. At the bank, Pratt and Forney were unable to find the debit card so they ordered the driver to return to the Club Atlantis. During the drive, Pratt demanded the driver's earrings, gold fronts and CDs, which the driver handed over to Pratt. Police subsequently stopped the vehicle and arrested Pratt and Forney.
After the close of the State's evidence, Forney renewed his motion to sever, which the trial court denied. Forney testified attrial that defendant had pointed the gun at him earlier that evening and demanded that Forney accompany defendant to the Club Atlantis. Forney testified that he was an unwilling participant in the robbery. Defendant testified that he demanded to get into the vehicle at Club Atlantis to flee from a fight that broke out at the club and that he did not rob the victims. The trial court denied Forney's motion to sever at the close of all the evidence. Upon a finding of Pratt's guilt and Pratt's plea, the trial court sentenced him to active terms of imprisonment. Pratt appeals from his convictions.
In his sole argument on appeal, Pratt contends the trial court erred by allowing the State's motion for joinder. Pratt asserts that when it became apparent that the defendants had "antagonistic defenses," the trial court abused its discretion in not severing the trial of the two defendants. Pratt, however, did not object to or argue against the State's motion below, nor did Pratt move for severance at any time. Pratt therefore failed to preserve the issue for appellate review. N.C. R. App. P. 10(b)(1) (2006) ("In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . ."). Pratt does not argue plain error, nor is it available to him since plain error analysis under Rule 10(c)(4) is available only for errors in jury instructions and evidentiary matters. State v. Greene, 351 N.C. 562, 566, 528 S.E.2d 575, 578, cert. denied, 531 U.S. 1041, 148 L. Ed. 2d 543 (2000).
Since defendant has preserved no argument for appeal and plain error review is not available, there is nothing for this court to review. Accordingly, we dismiss.
Dismissed.
Chief Judge MARTIN and Judge CALABRIA concur.
Report per Rule 30(e).